**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**RODNEY McCAIN**                                                                                    **PLAINTIFF**

v.                                    No. 3:15-CV-00258-JTK

**CAROLYN W. COLVIN,**
Acting Commissioner,
Social Security Administration                                                      **DEFENDANT**

## ORDER AFFIRMING THE COMMISSIONER

Rodney McCain applied for social security disability benefits alleging an onset date of November 1, 2011. (R. at 91). He requested a hearing with an administrative law judge (ALJ), who denied benefits. (R. at 38). The Appeals Council denied his request for review, making the ALJ's decision the final decision for judicial review. (R. at 1). McCain has requested judicial review, and the parties have consented to the jurisdiction of the magistrate judge.

For the reasons stated below, this Court affirms the ALJ's decision.

**I.    The Commissioner's Decision**

The ALJ found that McCain had the severe impairments of degenerative disk disease of the cervical and lumbar spine and chronic obstructive pulmonary disease (COPD). (R. at 30). The ALJ found that McCain had the residual functional capacity to perform light work, except that he could stoop and crouch only occasionally; must avoid concentrated exposure to dust, fumes, gases, odors, smoke, poor ventilation, and other airborne irritants; and must have the option to sit down or stand up at will. (R. at 31). This RFC rendered McCain unable to perform his past relevant work as a heavy equipment operator. (R. at 37).  Having taken testimony from an impartial vocational

expert, the ALJ found that McCain could perform other occupations such as inspector or cashier and therefore found that he was not disabled. (R. at 38).

## II. Discussion

McCain argues that the ALJ erred in determining that he was not entirely credible concerning his disabling conditions and that the record as a whole did not contain substantial evidence supporting the ALJ's RFC determination. The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" is less than a preponderance, but requires more than a mere scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). It is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch*, 201 F.3d at 1012.

### a. Credibility Determination

McCain contends that the ALJ erred by not specifically identifying inconsistencies between his subjective complaints and the medical evidence and basing the credibility determination entirely on the medical evidence.

If objective evidence does not fully support a claimant's subjective complaints of pain, the ALJ will consider all evidence relevant to those complaints. *Milam v. Colvin*, 794 F.3d 978, 984 (8th Cir. 2015). If the ALJ provides good reason for finding a claimant incredible, the Court will defer to the ALJ's judgment. *Id.*

In this instance, the ALJ provided a number of reasons for discrediting McCain's subjective complaints. One of McCain's providers expressed concerns that he was "faking" during an evaluation and noticed improvement in McCain's performance after expressing this concern. (R. at 307). The same doctor opined that McCain did not appear to be in pain and stated that he did not fully believe what McCain told him. (R. at 309–10). McCain was advised to stop smoking, (R. at 308), but has continued to smoke almost pack a day. (R. at 54). Failure to stop smoking when recommended in the course of treatment is properly considered when determining a claimant's credibility. *See Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008). When visiting another provider, McCain complained of knee pain after helping a friend work on floors. (R. at 362).

The ALJ discussed each of these reasons for discrediting McCain's subjective complaints, in addition to discussing the inconsistencies between his complaints and the objective medical evidence. The ALJ provided good reason for her credibility determination, and this Court will defer to the ALJ's determination.

### b. Sufficiency of the Evidence

McCain complains that the ALJ should have included a limitation on overhead reaching when setting the RFC. He points to an evaluation by an examining physician calling for limits on head and trunk movement. (R. at 276). After some recovery time, the same physician revised those limits to say that McCain should not move his head quickly or look over his shoulder. (R. at 281). Another doctor stated that work above his head could injure McCain. (R. at 310). Yet another noted 50% limitation in shoulder motion in all planes. (R. at 359). During a functional capacity evaluation, the examiner noted that McCain had trouble reaching overhead. (R. at 336) However, the examiner still assigned McCain a medium work capacity without including overhead reaching

limitations. (R. at 350). Another evaluation noted decreased range of motion in both shoulders. (R. at 402). However, that evaluation only placed restrictions on prolonged walking, bending, crouching, prolonged sitting, and exertional activities. (R. at 404).

While an overhead reaching limitation would be supported by substantial evidence, the ALJ's decision to not include such a limitation is also supported by substantial evidence, such as the evaluation establishing a capacity for medium work without restriction. None of the examining physicians have suggested the limitation that McCain maintains he requires even though they note difficulty in overhead reaching. This indicates that McCain's medical providers do not regard these difficulties as limiting. As such, the Court will not disturb the ALJ's determination that no additional limitation should be included in the RFC.

McCain also argues that the record does not contain substantial evidence supporting the ALJ's RFC in light of new material evidence submitted to the appeals council. To the extent that the evidence is relevant to McCain's condition for the time period for which benefits were denied, then it is material evidence that the Court will consider. *Roberson v. Astrue*, 481 F.3d 1020, 1026 (8th Cir. 2007). "An implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition." *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997).

McCain partially relies on records from August and December 2014, and these records concern a time after the ALJ's decision of July 22, 2014. These records are therefore not material to the review of the ALJ's decision.

The other additional records, which do concern the relevant time period, do not support the reversal of the ALJ's decision. The records indicate intermittent pain. (R. at 426, 429, 434). Additionally, McCain's doctor encouraged him to stay active and perform range of motion exercises. (R. at 427, 430, 435). The doctor decided against increasing his pain medicine and encouraged judicious use of pain medicines. (R. at 427, 430, 435). McCain also had an additional MRI in July 2014, and, while the MRI does report significant issues, there is no indication that these conditions would prevent him from engaging in light work with the restrictions imposed by the ALJ. (R. at 443–46).

The record contains evaluations limiting McCain to medium work or otherwise placing moderate limitations on him. (R. at 336, 404). Significantly, the doctor who first determined that he was capable of medium work soon thereafter released McCain at maximum medical improvement with a 0% impairment rating. (R. at 333). The record as a whole contains substantial evidence that McCain is capable of performing light work, and the additional evidence is not sufficient to refute that evaluation.

## III. Conclusion

A reasonable mind would find that the evidence is adequate to support the ALJ's RFC determination and credibility assessment. The decision of the ALJ is hereby affirmed.

It is so ordered this 13th day of April, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE